# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| **EVELYN LETSON,**            ) | |
| )  | |
| **Plaintiff,**                ) | |
| )  | |
| v.                            ) | **Case No.: 6:12-CV-3866-VEH** |
| )  | |
| **CAROLYN W. COLVIN,**[1]     ) | |
| **ACTING COMMISSIONER,**      ) | |
| **SOCIAL SECURITY**           ) | |
| **ADMINISTRATION,**           ) | |
| )  | |
| **Defendant.**                ) | |

## MEMORANDUM OPINION

Plaintiff Evelyn Letson brings this action under 42 U.S.C. § 405(g), Section 205(g) of the Social Security Act. She seeks review of a final adverse decision of the Commissioner of the Social Security Administration ("Commissioner"), who denied her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[2]  Ms. Letson timely pursued and exhausted her

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Carolyn W. Colvin should be substituted for Commissioner Michael J. Astrue as the Defendant in this suit. ("Any actions instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

[2] In general, the legal standards applied are the same regardless of whether a claimant seeks DIB or SSI.  However, separate, parallel statutes and regulations exist for DIB and SSI claims.  Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates.  The same applies to citations of statutes or regulations found in quoted court decisions.

administrative remedies available before the Commissioner. The case is ripe for review under 42 U.S.C. § 405(g).[3]

## FACTUAL AND PROCEDURAL HISTORY

Ms. Letson was 55 years old at the time of the administrative hearing before the Administrative Law Judge ("ALJ"). (Tr. 20, 36). She has completed the 10th grade. (Tr. 132). She has past relevant work as school cafeteria cook. (Tr. 20). She claims she became disabled on September 13, 2008, due to: leg and back pain; migraines; and chronic obstructive pulmonary disease (COPD). (Tr. 125). Her last period of work ended on August 1, 2004. *Id*.

On November 14, 2008, Ms. Letson protectively filed a Title II application for a period of disability and DIB. (Tr. 55). She also protectively filed a Title XVI application for SSI on November 14, 2008. (Tr. 56). On February 13, 2009, the Commissioner initially denied these claims. (Tr. 15). Ms. Letson then filed a written request for a hearing on March 16, 2009. *Id*.

The ALJ conducted a hearing on the matter on December 14, 2010. *Id*. On February 8, 2011, she issued her opinion concluding Ms. Letson was not disabled and denying her benefits. (Tr. 22). Ms. Letson timely petitioned the Appeal

---

[3] 42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

2

Council to review the decision on April 6, 2011. (Tr. 7). On September 14, 2012, the Appeals Council denied a review on her claim. (Tr. 1-3).

Ms. Letson filed a Complaint with this court on November 13, 2012. (Doc. 1). The Commissioner answered on April 9, 2013. (Doc. 7). Ms. Letson filed a supporting brief (Doc. 9) on May 22, 2013, and the Commissioner responded with her own brief (Doc. 10) on June 20, 2013. With the parties having fully briefed the matter, the court has carefully considered the record and finds the case should be reversed and remanded.

## STANDARD OF REVIEW

The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a

3

preponderance." *Id*. The court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). The ALJ's legal conclusions, however, are reviewed *de novo*, because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## **STATUTORY AND REGULATORY FRAMEWORK**

To qualify for disability benefits and establish her entitlement for a period of disability, the claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[4] The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] 12 months." 20 C.F.R. § 404.1505(a). To establish an

---

[4] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, as current through October 18, 2013.

entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(I-v). The Commissioner must determine in sequence:

> (1) whether the claimant is currently employed;
> (2) whether the claimant has a severe impairment;
> (3) whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];
> (4) whether the claimant can perform his or her past work; and
> (5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562–63 (7th Cir.1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir.1986). The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir.1995).  The Commissioner must further show that such work exists in the national economy in significant numbers.  *Id*.

### **FINDINGS OF THE ADMINISTRATIVE LAW JUDGE**

First, the ALJ found that Ms. Letson met the insured status requirements of the Social Security Act through March 31, 2009, and had not engaged in substantial gainful activity since September 13, 2008, the alleged onset date.  (Tr. 17).  She then found that Ms. Letson had the following severe impairments: degenerative disc disease of the cervical and lumbar spine and osteoarthritis of the right knee.  *Id*.  However, she concluded that Ms. Letson did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 18).

Next, the ALJ determined that Ms. Letson retained the residual functional capacity ("RFC") to perform light work,[5] except that she was limited to no more than occasional balancing, stooping, and crouching; was unable to climb ladders,

---

[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567

ropes, and scaffolds; was unable to kneel or crawl; must avoid concentrated exposure to extreme hot and cold temperatures, dampness, humidity, fumes, odors, and gases; and was unable to work around machinery, unprotected heights, large bodies of water, and concentrated or extreme vibration. (Tr. 18-19).

Finally, the ALJ concluded that although she was unable to perform any past relevant work, Ms. Letson could perform occupations that existed in significant number in the national economy. (Tr. 20-21). Thus, the ALJ ultimately determined that Ms. Letson had not been under a disability, as defined in the Social Security Act, from September 13, 2008, through the date of the decision. (Tr. 21).

## ANALYSIS

The court may only reverse a finding of the Commissioner if it is not supported by substantial evidence. 42 U.S.C. § 405(g). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[6] However, the court "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id*. (internal citation omitted).

---

[6] *Strickland* is binding precedent in this Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981).

Ms. Letson urges this court to reverse the Commissioner's decision to deny her benefits on the following ground: the ALJ did not properly discredit her testimony. This court agrees and, consequently, reverses and remands the case to the Commissioner.

## I. The ALJ's decision to discredit Ms. Letson's testimony was not supported by substantial evidence.

The Eleventh Circuit "requires that an ALJ apply a three part 'pain standard' when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). "The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). After a claimant satisfied the pain standard, her "subjective testimony … is itself sufficient to support a finding of disability." *Foote*, 67 F.3d at 1561.

In the present case, the ALJ concluded that the pain standard was satisfied. (Tr. 20) ("[T]he claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms."). Despite this finding, the ALJ determined that Ms. Letson was not disabled because she found "the claimant's

statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely credible." *Id*.

The ALJ may discredit a claimant's subjective testimony of pain if she does so specifically and articulates her reasons for doing so. *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991). "Failure to articulate the reasons for discrediting subjective pain testimony requires, as a matter of law, that the testimony be accepted as true." *Id*. However, "[a] clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote*, 67 F.3d at 1562.

The ALJ cited two reasons for her credibility determination. First, the ALJ found that Ms. Letson had not sought "any on-going medical treatment for any condition." (Tr. 20). She stated that "the claimant last saw a doctor on her own volition in June of 2008." (Tr. 19). SSR 96-7p explicitly provides that "the adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide." SSR 96-7p, 61 Fed. Reg. 34,483, 34,487. Furthermore, "poverty excuses noncompliance … or the failure to seek treatment." *Baker v. Astrue*, 1:11CV35-CSC, 2012 WL 353738, at *4 (M.D. Ala. Feb. 2, 2012) (citing *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988)).

At the administrative hearing, Ms. Letson explained her lack of continued regular medical treatment by stating "I can't afford doctor's visits [or] medication. I can't afford it. The doctors won't see you but $150 a visit [sic], and that's money I don't have." (Tr. 41). She also stated that on her last visit to the emergency room, she could not afford the prescriptions that the doctors gave her. (Tr. 42). Before discrediting Ms. Letson's alleged symptoms, the ALJ discussed her poverty excuse, stating:

> While the claimant alleges she cannot afford to see a doctor to obtain pain medications, she also confirmed that she settled with the other driver's insurance company after her accident [in 2006] and received $40,000.00. However, the claimant admitted that she did not save any of that money for future medical expenses.

(Tr. 19).

It is unclear whether or not the ALJ is suggesting that Ms. Letson's lack of thrift negates poverty as an excuse. Courts have found that an ability to pay for medical treatment can negate a plea of poverty. *See Poke v. Astrue*, 1:10CV768-CSC, 2012 WL 174472, at *5 (M.D. Ala. Jan. 23, 2012) (The claimant's "Medicaid card was scanned at the time of her admission. … Thus, [she] had the ability to secure treatment, and her poverty does not excuse her failures to seek it."). However, the settlement in 2006 does not indicate that Ms. Letson could have sought continued treatment in 2008. Ms. Letson testified that she used the money for insurance payments. (Tr. 43). The ALJ did not make any findings

about Ms. Letson's use or misuse of the settlement funds or about Ms. Letson's current financial position. In fact, in her brief, the Commissioner admits that "[t]he ALJ erred in citing Plaintiff's lack of medical treatment as a reason for discrediting Plaintiff's complaints of disabling limitations." (Def.'s Br. 11). The court agrees.

The only other reason articulated by the ALJ is a lack of support in "the objective medical record." (Tr. 20).[7] The ALJ stated that "no doctor has described the claimant as unable to perform all work." *Id*. The ALJ further noted that the medical record had been left open for Ms. Letson to submit additional medical records but that she had not done so. *Id*. The law, however, only requires that she produce objective medical evidence sufficient to satisfy the pain standard. The ALJ explicitly found that she had produced such evidence. (Tr. 20) ("[T]he claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms."). After finding the pain standard satisfied, the Commissioner "will not reject [the claimant's] statements about the intensity and persistence of [her] pain or other symptoms … solely because the available objective medical evidence does not substantiate [her] statements." 20 C.F.R. §

---

[7] Ms. Letson contests the ALJ's finding that the objective medical record does not support her subjective allegations. However, because it finds the ALJ erred by requiring such evidence, the court does not address this argument.

404.1529(c)(2); *see also Foote*, 67 F.3d at 1561 ("A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability."). A lack of objective support in the record does not, alone, provide substantial evidence to support the ALJ's decision to discredit Ms. Letson's testimony.

The Commissioner cites to two non-binding cases suggesting that the Commissioner can consider whether the medical record supports Ms. Letson's allegations. *See Kelly v. Comm'r of Soc. Sec.*, 401 Fed. App'x 403, 409 (11th Cir. 2010);[8] *Stanton v. Astrue*, 3:07-CV-015-J-TEM, 2008 WL 725595, at *4 (M.D. Fla. Mar. 17, 2008). The regulations also support this contention. *See* 20 C.F.R. § 404.1529(a) (The Commissioner considers "the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence."). However, the Commissioner neglects the important distinction that she cannot consider the lack of objective medical evidence *alone*.

In *Stanton*, the lack of objective support was just one of the reasons supported by substantial evidence, not the only, given to discredit the claimant's testimony. 2008 WL 725595, at *4. The court discussed three reasons given by

---

[8] In *Kelly*, the issue was the Appeals Council's consideration of new evidence, not an application of the pain standard. 401 Fed. App'x at 408-09. Therefore, *Kelly* is not helpful.

the ALJ. "First … the ALJ noted that none of Plaintiff's treating physicians had given her any limitations on activity." *Id*. at *5. Next, the ALJ "determined that Plaintiff's use of prescription pain medication for mild to moderate pain was inconsistent with her allegation of debilitating pain." *Id*. Finally, "[t]he ALJ considered Plaintiff's activities of daily living." *Id*. *Stanton* is not a case where the ALJ relied solely on the lack of supporting objective medical evidence. Instead, the ALJ properly used multiple factors to discredit the plaintiff's testimony. *See, e.g., Harwell v. Heckler*, 735 F.2d 1292, 1293 (11th Cir. 1984) ("Claimant asserts that the ALJ erroneously required objective medical evidence to substantiate his testimony …. However … the ALJ properly considered a variety of factors.").

In the present case, the ALJ did not consider a variety of factors. On the contrary, the only other reason cited by the ALJ did not adequately consider Ms. Letson's poverty excuse. Thus, the ALJ improperly discredited her testimony.

## CONCLUSION

Based upon the court's evaluation of the evidence in the record and the parties' submissions, the court concludes that the ALJ erred in her evaluation of Ms. Letson's testimony. Accordingly, the decision of the Commissioner will be reversed and remanded by separate order. On remand, the Commissioner should

evaluate Ms. Letson's explanation for her gaps in treatment pursuant to SSR 96-7p and consider the objective medical evidence consistent with 20 C.F.R. § 404.1529(c)(2).

**DONE** and **ORDERED** this the 18th day of December, 2013.

**VIRGINIA EMERSON HOPKINS**
United States District Judge